UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASATRYAN GEVORG,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:25-cv-00992-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 3) |

Petitioner, who currently is detained by Immigration and Customs Enforcement and proceeding pro se, has pending a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. No. 1, "Petition"). Petitioner accompanied his Petition with a motion for appointment of counsel. (Doc. No. 3).

ANALYSIS

Petitioner seeks appointment of counsel due to "the complexity of the law on immigration" and his belief that his Petition has a "strong chance of success." (Doc. No. 3 at 2). There is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d

1

1191, 1196 (9th Cir. 1986).  Moreover, the Rules Governing Section 2254 Cases in the United States District Courts require the court to appoint counsel:  (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted.  Id. at Rs. 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

Based upon the record, the Court finds Petitioner has not demonstrated that appointment of counsel is necessary at this stage of the proceedings.  Petitioner was able to competently file his 18-page habeas petition that includes a thorough statement of facts and supporting law concerning his claim for habeas relief.  Additionally, the Court finds the circumstances of this case presently do not indicate that appointed counsel is necessary to prevent due process violation.  The Court will direct Respondent when responding to the Petition to attach any records necessary for considering the Petition.  Thus, it is not clear whether any discovery or an evidentiary hearing is necessary until the Court reviews the record.

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. No. 3) is denied without prejudice.

Dated:     August 22, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2